IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 5345 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| JUDICIAL INQUIRY BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court grants Defendant Illinois Judicial Inquiry Board's motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and dismisses this lawsuit in its entirety [7]. All pending dates and deadlines are stricken. Civil case terminated.

**STATEMENT**

On June 17, 2015, pro se Plaintiff Kendrick Robinson filed the present lawsuit alleging violations of his constitutional rights based on several complaints he has made to Defendant Illinois Judicial Inquiry Board about certain state court judges. *See* 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss brought pursuant to Rules 12(b)(6) and 12(b)(1). For the following reasons, the Court grants Defendant's motion and dismisses this lawsuit in its entirety.

**LEGAL STANDARDS**

**I.     Federal Rule of Civil Procedure 12(b)(6)**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts

in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). Also, when ruling on motions to dismiss, federal courts may consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed.R.Civ.P. 10(c).

## II.     Federal Rule of Procedure 12(b)(1)

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Spears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn-Chem., Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital*, 572 F.3d at 443-44; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital*, 572 F.3d at 443-44; *United Phosphorous*, 322 F.3d at 946. "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013); *see also Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 690 (7th Cir. 2014) ("the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing.") (citation omitted).

## BACKGROUND

Construing his pro se Complaint liberally, *Perez v. Fenoglio,* 792 F.3d. 768, 776 (7th Cir. 2015), Plaintiff alleges that he has filed four complaints against certain Circuit Court of Cook County judges and that Defendant has failed to respond to these complaints. First, Plaintiff alleges that he has a breach of contract case in front of Judge Daniel P. Duffy and that Judge Duffy did not follow the Illinois Supreme Court Rules. He also alleges that Judge Duffy is biased against him. Next, Plaintiff alleges that he has a personal injury case in front of Judge Camille Willis, who also did not follow the rules. Plaintiff maintains that Judge Willis holds a grudge against him. Furthermore, Plaintiff explains that he has another breach of contract case in front of Judge Jessica O'Brien and that Judge O'Brien did not grant him a default judgment in that action. Last, Plaintiff states that he has a personal injury case in front of Judge Sophia Hall. According to Plaintiff, Judge Hall has done nothing in his case.

Because Defendant Illinois Judicial Inquiry Board has not responded to his complaints, Plaintiff is seeking $50,000 in damages. The Court takes judicial notice that the Illinois Judicial Inquiry Board is the judicial disciplinary agency in the State of Illinois that investigates and

prosecutes allegations of judicial misconduct against Illinois state court judges. *See Papasan v. Allain,* 478 U.S. 265, 268 n.1, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (courts can take judicial notice of public records); *Olson v. Champaign Cnty., Ill.,* 784 F.3d. 1093, 1097 n.1 (7th Cir. 2015) (same); *see* www.illinois.gov/jib.

**ANALYSIS**

In the present motion, Defendant Judicial Inquiry Board argues that Plaintiff cannot bring his lawsuit because–as a state agency–it is immune under the Eleventh Amendment. "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts." *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.,* 432 F.3d 746, 748 (7th Cir. 2005); *see also McDonough Assoc., Inc. v. Grunloh,* 722 F.3d 1043, 1049 (7th Cir. 2013). Moreover, the "Supreme Court has held that state agencies [are] 'arms of the state,'" and thus are also immune from private lawsuits. *See Joseph*, 432 F.3d at 748. One exception to Eleventh Amendment immunity is under the *Ex parte Young* doctrine that "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Employees, AFL CIO v. Quinn,* 680 F.3d 875, 882 (7th Cir. 2012) (citation omitted).

Under the *Ex parte Young* exception to Eleventh Amendment immunity, a private litigant–such as Plaintiff–may seek prospective injunctive relief against a state or state agency. *See McDonough Assoc.*, 722 F.3d at 1049-50. Here, however, Plaintiff does not seek injunctive relief, namely, he does not ask the Court to require Defendant to comply with federal law on an ongoing basis. Instead, he seeks $50,000 in money damages against a state agency, which the Eleventh Amendment does not allow. *See id.* at 1047-48; *see also Nelson v. Miller,* 570 F.3d 868, 883 (7th Cir. 2009) ("*Ex parte Young* does not apply to claims for damages"). Therefore, the Court grants Defendant's Rule 12(b)(6) motion and dismisses Plaintiff's claim against the Illinois Judicial Inquiry Board on this basis.

In response to Defendant's motion, Plaintiff argues that he can sue the Illinois Judicial Inquiry Board citing *Buckley v. Illinois Judicial Inquiry Bd.,* 997 F.2d 224, 225 (7th Cir. 1993). In *Buckley*, state court judges challenged the constitutionality of a state election rule that regulated their speech as judicial candidates. *See id.* at 225-26. These judges sought ongoing injunctive relief, namely, that the Seventh Circuit conclude that the state election rule was unconstitutional. As discussed, Plaintiff seeks $50,000 from Defendants–not injunctive relief. Therefore, the *Buckley* decision does not help Plaintiff.

Moreover, Plaintiff does not have Article III standing to bring his claim against Defendant. Article III of the Constitution limits judicial power to "Cases" and "Controversies." *See Clapper v. Amnesty Int'l USA,* 133 S.Ct. 1138, 1146 (2013). In turn, Article III "[s]tanding requires that the plaintiff establish an 'injury in fact' caused by the defendant and redressable by the court." *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d. 646, 650 (7th Cir. 2014). More specifically, "[t]o satisfy Article III's standing requirements, a litigant must show that (1) it has suffered an actual or imminent concrete and particularized "injury in fact"; (2) the injury is

3

fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cabral v. City of Evansville, Ind.*, 759 F.3d 639, 641-42 (7th Cir. 2014).

Here, Plaintiff is suing the Illinois Judicial Inquiry Board for failing to investigate and prosecute the four Circuit Court judges as highlighted above in the background section. To clarify, the Board investigates and prosecutes state court judges and it is well-established law that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (citing *Younger v. Harris,* 401 U.S. 37, 42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971)); *see also Jackson v. Illinois Judicial Inquiry Bd.*, No. 93 C 4690, 1993 WL 339292, at *2 (N.D. Ill. Sept. 3, 1993) ("petitioner lacks standing to contest the JIB's refusal to discipline the judges who presided over her Domestic Violence Court cases"). Therefore, the Court grants Defendant's Rule 12(b)(1) motion to dismiss due to Plaintiff's lack of Article III standing.

**Dated:** September 21, 2015

_____
**AMY J. ST. EVE**
**United States District Court Judge**